UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOUGLAS I. JORDAN,                )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    No. 4:11 CV 635 DDN
                                  )
AETNA LIFE INSURANCE COMPANY and  )
ANHEUSER BUSCH COMPANIES, INC.,   )
                                  )
          Defendants.             )

**MEMORANDUM AND ORDER**

This action is before the court on the motion of defendants Aetna Life Insurance Company and Anheuser Busch Companies, Inc. to dismiss. (Doc. 28.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 19.) A hearing was held on January 5, 2012.

**I. BACKGROUND**

On April 11, 2011, plaintiff Douglas I. Jordan commenced this action against defendants Aetna Insurance Corporation and Anheuser Busch Companies, Inc. under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, to recover benefits owed under an employee welfare benefit plan and damages from defendants' breach of their fiduciary duties and failure to provide certain documents upon request. (Doc. 1.) On November 7, 2011, plaintiff filed his amended complaint against defendants. (Doc. 26.)

In his amended complaint, plaintiff alleges that he was a full-time employee of Anheuser Busch from May, 1979 to June 1, 2005. (Id. at ¶ 8.) During his employment with Anheuser Busch, plaintiff became permanently and totally disabled for a period of more than six months. (Id.) On December 8, 2008, the Social Security Administration of the United States Department of Health and Human Services found that, as of June 1, 2005, plaintiff was permanently and totally disabled and unable to engage in gainful employment. (Id. at ¶ 9.) Based on this finding, the

Administration found plaintiff to be "disabled" within the meaning of the Social Security Act. (Id.)

Plaintiff alleges that during his employment with Anheuser Busch, he was a vested participant in Anheuser Busch's employee welfare benefits plan, the Group Insurance Plan (Plan).[1] (Id. at ¶ 4.) Plaintiff alleges that during union negotiations, defendants stated that employees had to obtain disability benefits from the Social Security Administration before they could receive disability benefits under the life insurance provision of the Plan. (Doc. 26 at ¶ 14.) Plaintiff also alleges that when he sought an application for Plan benefits, Anheuser Busch told him that he first had to obtain disability benefits from the Social Security Administration, but did not tell him of a time limit for filing for Plan benefits and did not give him a Plan booklet. (Id.) After applying for and receiving disability benefits from the Social Security Administration, plaintiff filed his claim for Plan benefits and submitted documentation of his disability. (Id. at ¶¶ 10, 11.) Defendants denied plaintiff's benefits claim as untimely. (Id. at ¶¶ 11-16.) Plaintiff alleges that the denial was improper and that defendants breached their fiduciary duties when they misled him and when they failed to inform him that he had to bring his claim within 36 months of last working for Anheuser Busch. (Id. at ¶¶ 15, 16.)

Plaintiff also alleges that the denial was arbitrary and capricious because Anheuser Busch previously approved other former disabled employees' claims that were submitted up to ten years late. (Id. at ¶¶ 17, 18.) According to plaintiff, these other employees alleged that Anheuser Busch and its insurer[2] breached their fiduciary duties by failing to provide plan documents and not informing the employees of the time limits for filing their claims. (Id.)

Plaintiff further alleges that, on November 23, 2009, he mailed written requests to defendants for copies of the Plan booklet, a summary

---

[1] The court construes the complaint to allege that the Plan is an "employee welfare benefit plan" within the purview of ERISA. 29 U.S.C. § 1002(3).

[2] According to the complaint, the insurer in these cases was Great West Life Insurance Company. (Doc. 26 at ¶ 17.)

Plan description, his claim file, his medical records, all disability policies, and all correspondences related to his claim for benefits. (Doc. 26 at ¶ 19.) Despite his written requests, defendants failed to provide him with the documents, and as a result, plaintiff was unable to follow the claims procedures set forth in the Plan. (Id. at ¶¶ 19-22.) Plaintiff alleges that defendants breached their fiduciary duties when they failed to produce these documents. (Id. at ¶ 23.)

Plaintiff seeks to recover benefits owed under the Plan, damages, interest, attorneys' fees, and $110 per day as penalty for defendants' failure to produce the Plan documents. (Id. at ¶¶ 1, 24.)

## II.  MOTION TO DISMISS

Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) fails because denial of plaintiff's claim for benefits was proper under the Plan. Defendants also argue that plaintiff's claim under 29 U.S.C. § 1132(c) fails against Aetna because Aetna is not the plan administrator and fails against Anheuser Busch for the time period prior to December 23, 2009.[3] Defendants further argue that plaintiff's breach of fiduciary duty claims are barred by ERISA's parole evidence rule and by 29 U.S.C. § 1102(a)(1), and are otherwise not actionable under ERISA to the extent the claims rely on principles of estoppel. (Docs. 28, 29.)

Plaintiff responds that defendants improperly denied his claim and that additional discovery is needed to determine whether Aetna had a conflict of interest in administering the Plan. Plaintiff also responds that Aetna can be held liable for § 1132(c) penalties for failing to provide him with the Plan documents because Aetna performed plan administrator functions. Plaintiff further responds that defendants breached their fiduciary duties by failing to inform him of the 36-month

---

[3]In their motion to dismiss, defendants argued that the claim for § 1132(c) penalties against Anheuser Busch failed for the time prior to November 23, 2009. (Doc. 29.) Defendants subsequently amended this date to December 23, 2009. (Doc. 38.)

deadline, by misleading him into missing the deadline, and by not giving him Plan documents upon request. (Doc. 33.)

Defendants reply that plaintiff's claim was properly denied because, as plaintiff alleges, plaintiff did not bring his claim within the period prescribed by the Plan. Regarding the production of Plan documents, defendants reply that Aetna is the claims administrator, not the plan administrator, and that a plan administrator cannot be held liable until the participant makes a written request for documents. Defendants also reply that plaintiff cannot rely on oral statements to contravene written Plan provisions and that plaintiff's breach of fiduciary duty and estoppel claims fail as a matter of law. (Doc. 38.)

### III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And in this regard, the court must be mindful of Federal Rule of Civil Procedure 84 and its requirement that the attached Forms 10 to 21 be considered examples of the "simplicity and brevity that [Rule 8] contemplate[s]." Fed. R. Civ. P. 84. See Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010).

A complaint must be liberally construed in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2006). The court must accept the facts alleged as true, even if

doubtful. Twombly, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. Id.; Young, 244 F.3d at 627.

## IV. DISCUSSION

In his complaint, plaintiff alleges that defendants improperly denied him benefits owed under the Plan. Plaintiff also alleges that defendants failed to provide him with Plan documents and violated their fiduciary duties by orally misleading him and otherwise remaining silent.

**A. Denial of Benefits—29 U.S.C. § 1132(a)(1)(B)**

Under 29 U.S.C. § 1132(a)(1)(B), a participant of an employee benefits plan may commence a civil action in federal court to recover benefits due under the plan. 29 U.S.C. § 1132(a)(1)(B); Dakota, Minn. & E. R.R. Corp. v. Schieffer, 648 F.3d 935, 936-37 (8th Cir. 2011). The parties do not dispute that the Plan is an employee benefits plan, or that plaintiff was a participant of the Plan.

The standard of review applied to an administrator's decision depends on whether the plan afforded the administrator discretionary authority. Compare Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) ("[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.") with Green v. Union Sec. Ins. Co., 646 F.3d 1042, 1050 (8th Cir. 2011) ("Where an ERISA plan grants the administrator discretion to determine eligibility for benefits and to interpret the plan's terms, courts must apply a deferential abuse-of-discretion standard of review.").

Here, the Plan states that Anheuser Busch "has complete discretion to interpret the [P]lan provisions and determine who is eligible for benefits."[4] (Doc. 29-1 at 32.) The Plan also states that Aetna has

---

[4]The court may consider the Plan documents, despite not being attached to plaintiff's amended complaint, without converting the motion to dismiss into a motion for summary judgment because the Plan documents
(continued...)

"discretionary authority to determine whether and to what extent employees and beneficiaries are entitled to benefits[,] and [to] construe any disputed or doubtful terms of this Policy." (Doc. 29-2 at 47.) Thus, the court reviews defendants' decision for an abuse of discretion. Green, 646 F.3d at 1050.

Under this "highly deferential standard," the court must uphold the administrator's decision if the decision was reasonable. Khoury v. Group Health Plan, Inc., 615 F.3d 946, 952 (8th Cir. 2010). To be "reasonable," the administrator's decision must be supported by substantial evidence, that is, "more than a scintilla but less than a preponderance." Id. (citation omitted). The court must defer to the administrator's decision even if the court would interpret the language of the Plan differently. Darvell v. Life Ins. Co. of N. Am., 597 F.3d 929, 935 (8th Cir. 2010); accord Rutledge v. Liberty Life Assur. Co. of Boston, 481 F.3d 655, 659 (8th Cir. 2007) (noting that the court "must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision") (citation omitted). That a conflict of interest may have existed, however, is "one of several factors considered under

---

⁴(...continued)
are "necessarily embraced by the pleadings." Noble Sys. Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008); see Van Natta v. Sara Lee Corp., 439 F. Supp. 2d 911, 921 n.3 (N.D. Iowa 2006) ("It is not error for this court to examine the Plan in its consideration of the merits of the defendant's motion to dismiss under Rule 12(b)(6), even though it was not expressly part of the pleadings. This is so because it was incorporated into the pleadings by reference—the complaint specifically mentioned it as the Plan under which [the plaintiffs'] claims arose against [the defendant]."); Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered in a motion to dismiss despite not being attached to the complaint "because they were incorporated through reference to the plaintiff's rights under the plans, and they [were] central to plaintiff's claims"). At the hearing, the parties agreed that the court could consider the Plan documents in deciding defendants' motion to dismiss.

the abuse of discretion standard."[5] Wrenn v. Principal Life Ins. Co., 636 F.3d 921, 925 (8th Cir. 2011).

According to the complaint, plaintiff's claim was denied because it was made more than 36 months after plaintiff's employment with Anheuser Busch ended. (Doc. 26 at ¶¶ 11, 15.) Plaintiff does not contest that the Plan precludes claims brought greater than 36 months after the participant's employment ended. (Doc. 29-2 at 11.) Nor does plaintiff contest that he had not been employed by Anheuser Busch for more than 36 months prior to bringing his claim. (Doc. 26 at ¶ 8.) Rather, plaintiff alleges that defendants' misrepresentations and silence induced him not to make his claim within the 36-month window. (Id. at ¶¶ 14-16.) Given the undisputed 36-month limitations period in the Plan for claiming benefits, plaintiff does not state a claim under § 1132(a)(1)(B). Slice v. Sons of Norway, 34 F.3d 630, 632 n.5 (8th Cir. 1994); Haynes v. BIS Frucon Eng'g, Inc., No. 4:08 CV 701 CAS, 2009 WL 995460, at *4 (E.D. Mo. Apr. 14, 2009).

Therefore, to the extent plaintiff's claims are brought under § 1132(a)(1)(B) and seek recovery of benefits owed under the terms of the Plan, dismissal is proper.

**B. Failure to Provide Documents—29 U.S.C. §§ 1024(b)(4), 1132(c)(1)(B)**

Under 29 U.S.C. § 1024(b)(4), the plan administrator, upon written request, is required to furnish a plan participant with a copy of the latest updated summary plan description, "the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." § 1024(b)(4). The plan administrator has thirty days to comply with this request. 29 U.S.C. § 1132(c)(1)(B). A plan administrator who fails or

---

[5]Plaintiff argued that further discovery was needed to determine whether Aetna had a conflict of interest in administering the Plan. Defendants sought to postpone further discovery until resolution of their motion to dismiss, arguing that dismissal was proper even if Aetna had a conflict of interest. Therefore, the court stayed discovery pending a ruling on defendants' motion to dismiss, but for purposes of defendant's motion to dismiss, grants plaintiff the inference that Aetna had a conflict of interest. Twombly, 550 U.S. at 555.

refuses to provide documents properly requested faces penalties of up to $110 a day. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-3. The court retains discretion whether to impose the penalty, and if so, in what amount. § 1132(c)(1)(B); Mondry v. Am. Fam. Mut. Ins. Co., 557 F.3d 781, 803 (7th Cir. 2009).

To succeed on a claim for § 1132(c) penalties based on a violation of § 1024(b)(4), the plaintiff must prove that (1) he requested the plan documents in writing, (2) his request was clear and specific, and (3) the plan administrator failed to provide them within thirty days of the request. Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 947 (8th Cir. 1999); Atkins v. M&S Acquisition Corp., No. 4:09 CV 1923 CAS, 2010 WL 5441625, at *2 (E.D. Mo. Dec. 28, 2010); see also Anderson v. Flexel, Inc., 47 F.3d 243, 248 (7th Cir. 1995) ("A request for documents under § 1024(b)(4) necessitates a response from the plan administrator when it gives the administrator clear notice of what information the beneficiary desires.").

In his complaint, plaintiff alleges that on November 23, 2009, he requested, through certified mail, copies of "all disability policies, a plan booklet, a summary plan description, his claim file, medical records and correspondence[s] used in determining the decision to deny him benefits on May 29, 3009," from defendants. (Doc. 26 at ¶¶ 19, 20.) Plaintiff alleges that defendants did not produce these documents. (Id.)

To the extent plaintiff alleges that defendants failed to provide him with documents outside those set forth in 29 U.S.C. §§ 1001-1191c, defendants' failure is not actionable. Brown v. J.B. Hunt Transp. Servs., Inc., 586 F.3d 1079, 1088-89 (8th Cir. 2009). To the extent plaintiff's claims are cognizable under § 1024(b)(4), the court considers them with respect to each defendant.

**1. AETNA**

"'ERISA specifically makes the Plan Administrator responsible for providing the Plan documents,' so that an insurer that is not the plan administrator is not subject to this penalty provision." Settell v. Metro. Life Ins. Co, 633 F. Supp. 2d 695, 712 (N.D. Iowa 2009) (quoting Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735, 743-44

(8th Cir. 2002)). Only a plan administrator can be liable for § 1132(c) penalties. Gates v. UNUM Life Ins. Co., Civ. No. 07-4660 (JNE/JJG), 2008 WL 2828871, at *2 (D. Minn. July 21, 2008). ERISA defines a "plan administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated."[6] White v. Martin, 286 F. Supp. 2d 1029, 1044 (D. Minn. 2003) (citing 29 U.S.C. § 1002(16)(A)).

Anheuser Busch is specifically designated in the Plan documents as the "Plan Administrator." (Doc. 29-1 at 36.) In his complaint, plaintiff alleges that Aetna is the claims administrator of the Plan. (Doc. 26 at ¶ 7.) As the specifically designed plan administrator, Anheuser Busch, not Aetna, has a duty to provide Plan documents under § 1024(b)(4).

Plaintiff argues that liability for § 1132(c) penalties should depend on the actual functions of the entity and not the designation in the Plan. The Eighth Circuit has clearly stated, however, that § 1132(c) penalties are appropriate only against "plan administrators" as defined by ERISA. Brown, 586 F.3d at 1088; Ross, 285 F.3d at 743-44. Because Anheuser Busch, not Aetna, is specifically designated as the sole plan administrator, Anheuser Busch is the sole plan administrator under ERISA. § 1002(16)(A).

Therefore, dismissal is proper as to plaintiff's claim for § 1132(c)(1)(B) penalties against Aetna.

**2. Anheuser Busch**

Plaintiff alleges that he made a written request for Plan documents from Anheuser Busch on November 23, 2009. (Doc. 26 at ¶¶ 19-21.) If plaintiff made this request and Anheuser Busch did not comply, statutory penalties could be appropriate beginning thirty-one days after the request was made. Bartling v. Fruehauf Corp., 29 F.3d 1062, 1069 (6th Cir. 1994); Michael v. Am. Int'l Group, Inc., No. 4:05 CV 2400 ERW, 2008 WL 4279582, at *7 (E.D. Mo. Sept. 15, 2008). Whether plaintiff made this

---

[6]In the absence of a specifically-designated plan administrator, ERISA states that the employer is the plan administrator. 29 U.S.C. § 1002(16)(A)(ii), (B).

request is a factual question, resolution of which is not appropriate at this time. Twombly, 550 U.S. at 555. If plaintiff is entitled to relief, it will be limited to relief for non-compliance beginning on December 23, 2009.[7]

Therefore, to the extent plaintiff seeks § 1132(c) penalties against Anheuser Busch for noncompliance with § 1024(b)(4) beginning on December 23, 2009 and spanning through production of the documents, the motion to dismiss is denied.

**C. Breach of Fiduciary Duty**

Plaintiff alleges that defendants breached their fiduciary duties in four respects: (1) defendants' representatives stated, during a contract negotiation with union representatives, that to be entitled to disability benefits under the Plan, a participant must first be found "disabled" by the Social Security Administration; (2) Anheuser Busch told him when he sought to apply for Plan disability benefits that he had to be found "disabled" by the Social Security Administration prior to applying for Plan disability benefits; (3) defendants never told him that a Plan participant must bring his Plan disability benefits claim within 36 months of last working for Anheuser Busch; and (4) defendants failed to give him Plan documents yet held him to provisions of the Plan that he had no way of knowing. (Doc. 26 at ¶¶ 14-16, 23.) According to plaintiff, no finding by the Social Security Administration of disability is actually required before a participant can seek Plan benefits,[8] while claims must be brought within a 36-month window under the Plan. (Id.) The parties do not dispute that defendants were Plan fiduciaries.

Although plaintiff does not specify which sections of ERISA supply his breach of fiduciary duty causes of action, this defect is not fatal.

---

[7]The parties have not discussed whether the day of request, November 23, 2009, is included in this window, nor have the parties discussed whether the date of mailing or the date of receipt controls. Because the earliest possible date penalties could be appropriate is December 23, 2009, dismissal is appropriate for the time preceding December 23, 2009.

[8]At the hearing, defendants agreed that the Plan contains no such requirement.

See Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) ("Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint." (brackets and citations omitted)). In this circumstance, the court considers the available causes of action based on the allegations in plaintiff's complaint, and evaluates the motion to dismiss accordingly. Stark v. Mars, Inc., 790 F. Supp. 2d 658, 664-65 (S.D. Ohio 2011) (evaluating each potentially applicable statutory section where the plaintiff failed to specify the ERISA statutory sections under which he brought claims); cf. Killiam v. Concert Health Plan, No. 07 C 4755, 2008 WL 686253, at *1 (N.D. Ill. Mar. 11, 2008) (denying a motion for more definite statement where the plaintiff did not specify which ERISA statutory sections were applicable to his claims).

ERISA imposes fiduciary duties of care and loyalty upon plan administrators in 29 U.S.C. § 1104,[9] and makes fiduciaries liable to participants and beneficiaries for breaches of their duties in 29 U.S.C. § 1109(a).[10] Breach of fiduciary duty claims can be brought against an ERISA administrator under 29 U.S.C. § 1132(a)(2) and 29 U.S.C. § 1132(a)(3).[11] Anderson v. U.S. Bancorp, 484 F.3d 1027, 1031 (8th Cir.

---

[9]An ERISA fiduciary must "discharge [its] duties with respect to a plan solely in the interest of the participants and beneficiaries . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use . . . ." 29 U.S.C. § 1104(a)(1)(A), (B).

[10]"Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations imposed upon fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets fo the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . ." 29 U.S.C. § 1109(a).

[11]Neither § 1132(a)(1)(A) nor § 1132(a)(1)(B) are potential avenues of relief. § 1132(a)(1)(A) is limited to recovering damages for a plan administrator's failure to comply with the disclosure requirements of § 1132(c). See Palmisano v. Allina Health Sys., Inc., 190 F.3d 881, 888 (8th Cir. 1999) ("[A]n ERISA disclosure violation does not entitle a participant or beneficiary to benefits to which he is not entitled under the plan."). § 1132(a)(1)(B) is an avenue for recovering benefits
(continued...)

2007); see Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (analyzing the legal sufficiency of the plaintiff's breach of fiduciary duty claim under § 1132(a)(2) and § 1132(a)(3)); Slice v. Sons of Norway, 34 F.3d 630, 633 (8th Cir. 1994) ("29 U.S.C. § 1104 cannot independently support a claim of breach of fiduciary duty where such a claim cannot be stated under any provision of 29 U.S.C. § 1132(a)."); Jensen v. AT&T Corp., No. 4:06 CV 842 CEJ, 2007 WL 2199714, at *2-3 (E.D. Mo. July 27, 2007) (discussing the applicability of ERISA's civil enforcement provisions to a breach of fiduciary duty claim).

Breach of fiduciary duty claims brought under § 1132(a)(2) must "be brought in a representative capacity on behalf of the plan as a whole." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985). As plaintiff's claim is brought in his individual capacity for his sole benefit, § 1132(a)(2) is not a proper basis for his claim.

Section 1132(a)(3) may be a proper basis for plaintiff's claim. A plan participant can raise a claim under § 1132(a)(3) in his individual capacity, but relief is limited to "those types of relief that were typically available in equity, such as injunction, mandamus, and restitution." Mertens v. Hewitt Assocs., 508 U.S. 248, 256-57 (1993); accord Delcastillo v. Odyssey Res. Mgmt., Inc., 431 F.3d 1124, 1131 (8th Cir. 2005) ("[O]nly equitable relief, not money damages, may be awarded under § 1132(a)(3)."). Although not specifically pleaded by plaintiff,[12] equitable relief in the form of an order remanding plaintiff's claim for reconsideration on its merits, that is, lifting imposition of the 36-month filing deadline, may be available under § 1132(a)(3).

---

[11](...continued)
wrongfully withheld under the terms of the Plan, not recovering damages for an administrator's breach of fiduciary duties. See, e.g., Slayhi v. High-Tech Inst., Inc., No. 06-CV-2210 (PJS/JJG), 2007 WL 4284859, at *5 (D. Minn. Dec. 3, 2007) (rejecting breach of fiduciary claim brought under § 1132(a)(1)(B)).

[12]See Cook v. Campbell, 482 F. Supp. 2d 1341, 1360-61 (M.D. Ala. 2007) (rejecting the plaintiffs' argument "that their 'catch-all' request for relief preserves a § 502(a)(3)(B) claim"). However, defendants have not argued that this relief is foreclosed due to inadequate pleading. Thus, the court considers whether plaintiff has stated a cause of action under § 1132(a)(3)(B).

Defendants argue that the alleged oral misrepresentations are not a legal basis for an ERISA breach of fiduciary duty claim.[13] Assuming, however, that the alleged oral misrepresentations alone are not sufficient to establish an ERISA breach of fiduciary duty claim,[14] they could be sufficient in conjunction with defendants' alleged subsequent silence to state a claim. An ERISA fiduciary "has a duty to inform when it knows that silence may be harmful, and cannot remain silent if it knows or should know that the beneficiary is laboring under a material misunderstanding of plan benefits." Kalda v. Sioux Valley Physician Partners, Inc., 481 F.3d 639, 644 (8th Cir. 2007) (citations omitted); accord Shea v. Esensten, 107 F.3d 625, 629 (8th Cir. 1997); see also Howe v. Variety Corp., 36 F.3d 746, 754 (8th Cir. 1994), aff'd 516 U.S. 489 (1996) (recognizing that "[a] beneficiary, about to plunge into a ruinous course of dealing, may be betrayed by silence as well as by the spoken word"). Defendants' alleged failure to inform plaintiff of the 36-month filing deadline, after allegedly making misleading statements and with having knowledge of plaintiff's desire to apply for Plan disability benefits, could be the basis for an ERISA breach of fiduciary

---

[13]See Antolik v. Saks, Inc., 463 F.3d 796, 801 (8th Cir. 2006) (noting that "ERISA precludes oral or informal amendments to a plan, by estoppel or otherwise" and that "an ERISA plan cannot be changed by informal amendments, even if employees relied on those amendments"); Barker v. Ceridian Corp., 193 F.3d 976, 982 (8th Cir. 1999) ("Informal statements by an employer's representatives about benefits do not legally alter an ERISA plan, which is required by statute to be written."); Farley v. Benefit Trust Life Ins. Co., 979 F.2d 653, 660 (8th Cir. 1994) ("Oral modifications of employee welfare plans governed by ERISA [would permit] a result manifestly in conflict with the intent of the statute and with the case law governing it."); see also Slice v. Sons of Norway, 34 F.3d 630, 634 (8th Cir. 1994) (explaining that equitable estoppel is available against an ERISA administrator only where "the terms of the plan are ambiguous and the communications constituted an interpretation of that ambiguity").

[14]But see Kalda v. Sioux Valley Physician Partners, Inc., 481 F.3d 639, 644 (8th Cir. 2007) ("[An] [ERISA] fiduciary may not affirmatively miscommunicate or mislead plan participants about material matters regarding their ERISA plan." (citations omitted)).

claim.[15]  Cf. Saylor v. Ret. Comm., No. 4:05CV138 JLH, 2007 WL 2156409, at *9 (E.D. Ark. July 25, 2007) (granting summary judgment where the plaintiff "presented no evidence that [the defendant] did not believe [incorrect statements] to be true in the context in which she made them or that [the defendant] sought to act in the interests of someone other than [the plaintiff]" and the plaintiff "neither specified what information [the defendant] failed to provide nor produced evidence that [the defendant] knew that its failure to do so would be harmful to [the plaintiff]").

Therefore, defendants' motion to dismiss plaintiff's breach of fiduciary duty claim is denied.[16]

## V. CONCLUSION

For the reasons and to the extent set forth above,

**IT IS HEREBY ORDERED** that the motion of defendants Aetna Life Insurance Corporation and Anheuser Busch Companies, Inc. to dismiss (Doc. 28) is sustained in part, and otherwise denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 31, 2012.

---

[15] Although an ERISA administrator "does not have a duty to individually notify participants of the impact of general terms of the plan upon them, . . . as a fiduciary cannot be expected to anticipate the individualized concerns of employees," Saylor v. Ret. Comm., No. 4:05CV138 JLH, 2007 WL 2156409, at *9 (E.D. Ark. July 25, 2007), plaintiff alleges that defendants had direct knowledge, vis-a-vis his request for an application for Plan disability benefits, of his intention to seek Plan disability benefits.  Defendants' alleged failure to advise him of the 36-month window for filing his claim for Plan disability benefits, in light of defendants' alleged statements and knowledge of plaintiff's intentions, gives rise to a breach of fiduciary duty claim.

[16] To the extent plaintiff also relies on defendants' alleged failure to produce Plan documents upon request, however, these allegations do not give rise to a breach of fiduciary duty claim. See Palmisano v. Allina Health Sys., Inc., 190 F.3d 881, 888 (8th Cir. 1999) ("[A]n ERISA disclosure violation does not entitle a participant or beneficiary to benefits to which he is not entitled under the plan.").